NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BURDELL VAUGHN,**

*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2010-7102

---

Appeal from the United States Court of Appeals for Veterans Claims in 10-1014, Judge Robert N. Davis.

---

Decided: December 2, 2010

---

BURDELL VAUGHN, of West Milwaukee, Wisconsin, pro se.

CAMERON COHICK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and

FRANKLIN E. WHITE, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and CHRISTA A. SHRIBER, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

---

Before NEWMAN, PLAGER, and PROST, *Circuit Judges.*

PER CURIAM.

Burdell Vaughn appeals from a decision of the Court of Appeals for Veterans Claims (Veterans Court) denying his petition for extraordinary relief in the nature of a writ of mandamus.[1] Because the issues raised by Mr. Vaughn are either not within the scope of our jurisdiction or not related to the Veterans Court's denial of his petition for a writ of mandamus, we dismiss the appeal.

## BACKGROUND

In December 1991, Mr. Vaughn filed a claim for service-connected disability benefits for a back injury. The Chicago Regional Office (RO) denied his claim in May 1992. He did not appeal the RO's decision to the Board of Veterans' Appeals (Board).

In August 2001, Mr. Vaughn sought to reopen his claim, alleging clear and unmistakable error (CUE) in the 1992 RO decision. In May 2002, the Milwaukee RO declined to revise the 1992 RO decision on the basis of CUE. Mr. Vaughn initiated an appeal by filing a Notice of Disagreement; the RO subsequently sent him a State-

---

[1] *Vaughn v. Shinseki*, No. 10-1014, 2010 WL 1805365 (Vet. App. May 6, 2010) (order dismissing petition for writ of mandamus).

ment of the Case.[2]   In order to complete the process of appealing to the Board, Mr. Vaughn was required to file a Substantive Appeal consisting of a completed VA Form 9 within sixty days from the date that the RO mailed the Statement of the Case.   *See* 38 U.S.C. § 7105(d)(3); 38 C.F.R. § 20.302(b)(1).   Mr. Vaughn apparently failed to file a timely Substantive Appeal and therefore did not perfect an appeal before the Board.   *See Vaughn v. Principi*, 18 Vet. App. 545, 2004 WL 1302469 (May 25, 2004) (denying earlier petition for a writ of mandamus concerning Substantive Appeal).

Several years later, Mr. Vaughn sent to the Board correspondence entitled "Motion to Reconsider."   In March 2010, having received no response from the Board, Mr. Vaughn filed a petition for a writ of mandamus with the Veterans Court.   Alleging that he was unable to obtain relief, he asked the Veterans Court to order the Board to respond to his motion for reconsideration.   He also asserted various errors in the RO decisions and stated that, subsequent to those RO decisions, he had obtained new evidence relevant to his claim.

The Veterans Court ordered the Secretary of Veterans Affairs to file an answer addressing the specific allegations in Mr. Vaughn's petition.   The Board then sent a letter to Mr. Vaughn advising him that the Board had no

---

[2]   The Government included this document in its Supplemental Appendix and mistakenly described it as the decision of the Milwaukee RO.   Based on our review of the complete record, it is evident that the document, which was attached to Mr. Vaughn's petition for a writ of mandamus, is the Milwaukee RO's Statement of the Case. The statement in the Government's brief that Mr. Vaughn did not file a Notice of Disagreement regarding the May 2002 RO decision also appears to be incorrect.

record of an appeal from him, that the Board had never issued a decision with respect to any of his claims, and that accordingly the Board was denying his "Motion to Reconsider." The letter further advised Mr. Vaughn that his correspondence had been made a part of his claims folder and explained how to initiate an appeal to the Board from an RO decision.

The Secretary responded to the Veterans Court's order and advised the court that the Board had responded to Mr. Vaughn's motion for reconsideration. In light of the Board's letter to Mr. Vaughn, the Veterans Court concluded that Mr. Vaughn had obtained the relief he sought and accordingly denied his petition for a writ of mandamus. Mr. Vaughn timely filed an appeal with this court.

## DISCUSSION

Our review of Veterans Court decisions is strictly limited by statute. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Unless an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). A court may issue a writ of mandamus only if three conditions are satisfied: (1) the party seeking issuance of the

writ must have no other adequate means to obtain the relief he desires; (2) the petitioner must demonstrate a clear and indisputable right to the writ; and (3) the court, in its discretion, must be convinced that the circumstances warrant issuance of the writ. *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380-81 (2004).

Applying these legal standards to the facts of the case, the Veterans Court concluded that Mr. Vaughn did not lack adequate alternative means to obtain the desired relief, and in fact he had obtained the relief sought—a decision by the Board on his motion for reconsideration. The Veterans Court's analysis involved no interpretation of a statute or regulation, and Mr. Vaughn does not challenge the validity of any statute or regulation or rule of law applied by the Veterans Court.

Mr. Vaughn primarily makes constitutional arguments on appeal. He alleges violations of his Fifth Amendment and Fourteenth Amendment rights, his constitutional right to a procedurally fair process and an unbiased adjudicator, and his "First Amendment Right to a fair process to Petition the Government." These arguments do not relate to the Veterans Court's decision denying the petition for a writ of mandamus, the only decision before us for review, but rather to the procedures established by statute and regulation for adjudicating claims at the RO and the Board. Because Mr. Vaughn has not raised any issues regarding the decision of the Veterans Court that are within our jurisdiction, we dismiss the appeal.

Should Mr. Vaughn wish to dispute the RO decisions, there are procedures in place for doing so. While he did not perfect appeals of the 1992 and 2002 RO decisions, he

nonetheless may challenge those decisions now by filing with the RO a claim to reopen based on new and material evidence, *see* 38 U.S.C. § 5108, or a claim for revision based on clear and unmistakable error (CUE), *see* 38 U.S.C. § 5109A. *See also* 38 C.F.R. § 3.156(a) (new and material evidence); 38 C.F.R. § 3.105(a) (CUE). We note that in his petition for a writ of mandamus, Mr. Vaughn asserted both the existence of new and material evidence and the existence of CUE in the RO decisions.

Mr. Vaughn also alleges in a recent filing with this court that the Milwaukee RO has issued a recent decision once again denying his claim. If such a decision exists, it is not in the record before us because it was not part of the record before the Veterans Court. If indeed the RO has issued a new decision, Mr. Vaughn may appeal the decision to the Board by following the procedures set forth in 38 C.F.R. §§ 200–202 and §§ 300–306.

## DISMISSED

### COSTS

Each party shall bear its own costs.