NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BURDELL VAUGHN,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7185

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 11-832, Judge Robert N. Davis.

---

Decided: February 9, 2012

---

BURDELL VAUGHN, of West Milwaukee, Wisconsin, pro se.

SARAH M. BIENKOWSKI, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assis-

tant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director.

———————————

Before PROST, MAYER, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Burdell Vaughn, pro se, appeals an order of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus. *Vaughn v. Shinseki*, 2011 WL 1229064 (Vet. App. Apr. 4, 2011) ("*Veterans Court Decision*"). Because Mr. Vaughn possesses adequate alternative means to pursue the relief he requests, namely by direct appeal, we conclude that the Veterans Court did not abuse its discretion in denying mandamus relief. Accordingly, we *affirm*.

## BACKGROUND

In December 1991, Mr. Vaughn filed a benefit claim for a back injury he allegedly sustained while on active duty. The Chicago Regional Office ("RO") denied his claim in a 1992 ratings decision, and Mr. Vaughn did not appeal that decision. Over the next 18 years, Mr. Vaughn made several filings with the RO, the Board of Veterans Appeals ("Board"), and this court, attempting to revise the 1992 ratings decision through various means, including petitions for writs of mandamus.[1]

As it relates to the current appeal, in 2010 Mr. Vaughn asserted clear and unmistakable error ("CUE") in

———————————

[1] *See Vaughn v. Shinseki*, 403 Fed. Appx. 514 (Fed. Cir. Dec. 2, 2010) (dismissing appeal from denial of petition for writ of mandamus); *Vaughn v. Shinseki*, 2010 WL 1805365 (Vet. App. May 6, 2010) (denying mandamus relief); *Vaughn v. Principi*, 2004 WL 1302469 (Vet. App. May 25, 2004) (same); *Vaughn v. West*, 2000 WL 920249 (Vet. App. June 22, 2000) (same).

the 1992 ratings decision, which the RO rejected. In response, Mr. Vaughn filed a Notice of Disagreement with the RO's decision. In addition to filing this notice, Mr. Vaughn sent a letter to the Board on January 10, 2011. In the letter, Mr. Vaughn asserted that the Milwaukee RO was biased in its September 2010 decision, contending that the RO failed to provide adequate reasons and bases for its decision, neglected to address several key pieces of favorable evidence, and fabricated false evidence against him. He further argued that the RO's conduct violated his constitutional rights to due process and equal protection of the laws.

The Board responded to Mr. Vaughn's correspondence on May 27, 2011, advising him of its inability to address the decision made by the RO until he perfected an appeal. It provided further instructions to Mr. Vaughn on how to do so, directing him to file a Substantive Appeal by September 16, 2011. In accordance with the Board's instructions, Mr. Vaughn completed and filed a Substantive Appeal, and on June 22, 2011, the Board acknowledged receipt of Mr. Vaughn's file and confirmed docketing of his appeal.[2]

Nonetheless, before receiving the Board's May 27, 2011 response, on March 18, 2011, Mr. Vaughn filed a petition for extraordinary relief in the nature of a writ of mandamus with the Veterans Court, apparently concerned that the Board was ignoring his calls for the aid articulated in the January 10, 2011 letter. In his petition, Mr. Vaughn appears to have alleged statutory and constitutional violations paralleling the language in the letter and requested leave to proceed to discovery at the Veterans Court.

---

[2]   This appeal to the Board is not before this court.

Assuming jurisdiction solely over the petition for writ of mandamus, the Veterans Court found that Mr. Vaughn had failed to demonstrate that he lacked alternative means to obtain his desired relief. *Veterans Court Decision*, at *1. It specifically noted that Mr. Vaughn had already initiated the direct appeals process, and that, at that time, Mr. Vaughn was waiting to receive the Board's Statement of the Case, after which he could file his Substantive Appeal. Further, the Veterans Court was not convinced that the Board was refusing to act on Mr. Vaughn's letter, explaining that the passage of three months did not demonstrate a failure to respond and that agency delay must be unreasonable before the Veterans Court will inject itself into the direct appeal process. Finally, noting that it was not a factfinding body, the Veterans Court denied Mr. Vaughn's motion to proceed to discovery. Accordingly, on April 4, 2011, the Veterans Court denied Mr. Vaughn's petition, and on July 1, 2011, it upheld its denial on reconsideration by a three-judge panel. Mr. Vaughn subsequently filed a timely appeal with this Court.

## DISCUSSION

Our review of Veterans Court decisions is limited by statute. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Unless an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

The government first argues that we lack subject matter jurisdiction over this appeal because Mr. Vaughn does not challenge any Veterans Court interpretation of a statute, regulation, or the Constitution. We disagree. Although our review of Veterans Court decisions is limited, we do possess jurisdiction over an appeal challenging the Veterans Court's denial of a petition for a writ of mandamus in circumstances such as those presented here. *See Hargrove v. Shinseki*, 629 F.3d 1377, 1379 (Fed. Cir. 2011). We review the Veterans Court's denial of a petition for a writ of mandamus for abuse of discretion. *Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002).

We, thus, turn to the government's alternative argument that we should affirm the Veterans Court's decision denying the writ Mr. Vaughn seeks. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). A court may issue a writ of mandamus only if three conditions are satisfied: (1) the party seeking issuance of the writ must have no other adequate means to obtain the relief he desires; (2) the petitioner must demonstrate a clear and indisputable right to the writ; and (3) the court, in its discretion, must be convinced that the circumstances warrant issuance of the writ. *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380–81 (2004).

In its decision denying Mr. Vaughn's petition for a writ of mandamus, the Veterans Court relied on the availability of alternative means by which Mr. Vaughn can obtain his desired relief, namely the direct appeals process. *Veterans Court Decision*, at *1. This process allows a claimant to appeal an RO decision to the Board, the Veterans Court, and, ultimately, the Federal Circuit, in that order. *See* 38 U.S.C. §§ 511, 7104, 7252, 7292. Indeed, the Veterans Court noted that "[Mr. Vaughn] has

filed a Notice of Disagreement with the RO's rating decision, and has therefore initiated the appeals process." *Veterans Court Decision*, at *1. Approximately two months after the Veterans Court issued its opinion, moreover, the Board confirmed the docketing of Mr. Vaughn's direct appeal. It appears that Mr. Vaughn's direct appeal remains before the Board, to be processed in the normal course.

On appeal, Mr. Vaughn does not contest that he is without adequate means for relief, other than to contend that the direct appeals process is inherently unfair due to bias, conflict of interest, and delay. But those are arguments that Mr. Vaughn can raise, if he so chooses, through the normal appellate procedure before the Board, the Veterans Court, and this court. *See, e.g., Dillard v. Shinseki*, 2011 WL 6116444, *4 (Vet. App. Dec. 9, 2011) (considering the veteran's argument that the Board was biased against him). As we noted in a prior appeal by Mr. Vaughn to this court, "[s]hould Mr. Vaughn wish to dispute the RO decisions, there are appropriate procedures in place for doing so." *Vaughn v. Shinseki*, 403 Fed. Appx. 514, 516 (Fed. Cir. Dec. 2, 2010) (dismissing appeal from denial of petition for writ of mandamus). Those are precisely the procedures that make mandamus relief inappropriate in this case because those procedures provide Mr. Vaughn with an adequate means for relief. Mr. Vaughn may not short cut the normal appeals process by resort to requests for extraordinary relief. Consequently, we hold that the Veterans Court did not abuse its discretion when it found that Mr. Vaughn has not sufficiently demonstrated that he has "no other adequate means to obtain the relief he desires." *Cheney*, 542 U.S. at 380.

Accordingly, the Veterans Court's decision to deny mandamus relief is *affirmed*.

## **AFFIRMED**

### Costs

Each party shall bear its own costs.