NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LARRY E. BELTON, SR.,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7150

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-1077, Judge Mary J. Schoelen.

---

Decided: May 13, 2013

---

LARRY E. BELTON, SR., of San Diego, California, pro se.

CAMERON COHICK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and JOSHUA P. MAYER, Attor-

ney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was CLEVELAND KARREN.

———————————

Before MOORE, BRYSON, and LINN, *Circuit Judges.*

PER CURIAM.

Larry E. Belton, Sr., ("Belton") appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for extraordinary relief in the form of a writ of mandamus. *Belton v. Shinseki*, No. 12-1077, 2012 WL 1875367 (Vet. App. May 24, 2012). Because Belton fails to raise a non-frivolous legal question as to whether the Veterans Court properly denied the requested writ, this court lacks jurisdiction and dismisses the appeal.

## BACKGROUND

Belton's petition alleges wrongdoing and conspiracy by personnel of the Department of Veterans Affairs ("Department") in denying apportionment benefits to Belton's asserted spouse Cynthia A. Belton; seeks compensation on a claim for vision loss; seeks production of Belton's lost original records; and seeks to initiate a Federal Tort Claims Act action for retroactive compensation, retroactive apportionment benefits, and compensatory and punitive damages. The Veterans Court, in remarking that mandamus is "to be invoked only in extraordinary situations," cited *Cheney v. United States District Court*, 542 U.S. 367, 380-81 (2004), for the proposition that three conditions must be met for a court to issue a writ: "(1) The petitioner must lack adequate alternative means to attain the desired relief, thus ensuring that the writ is not used as a substitute for an appeal; (2) the petitioner must demonstrate a clear and indisputable right to the writ; and (3) the Court must be convinced, given the circum-

stances, that the issuance of the writ is warranted." 2012 WL 1875367, at *1 (internal quotation marks omitted). The Veterans Court determined that Belton did not meet these requirements and so denied the petition.

## DISCUSSION

Belton first contends that the Veterans Court's decision rests on a flawed determination of the validity or interpretation of a statute or regulation. Belton next asserts multiple constitutional violations, including discrimination based on race and a denial of due process and equal protection in failing to apportion benefits to Cynthia A. Belton. Belton also contends that the Veterans Court was biased and acted with malice and that this court maliciously and erroneously dismissed an earlier appeal. Belton further accuses attorneys and Department staff of wrongdoing. Belton expresses his displeasure with the denial of apportionment benefits for Cynthia A. Belton, the lack of recognition of his asserted marriage, the denial of his vision loss claim, and the loss of his files. Belton further argues that he asserted CUE, he exhausted his administrative remedies, and he satisfied the conditions for the writ.

The government argues that this court lacks jurisdiction over this appeal, or in the alternative that the court should affirm the decision of the Veterans Court. The government argues that the Veterans Court's decision on the petition did not involve the validity or interpretation of any statute, regulation, or rule of law; and that Belton did not assert that any statute or regulation is invalid or requires interpretation. Instead, the government argues that the Veterans Court applied the law to the facts of Belton's case, and that Belton merely disputes the application of the law to the facts of his case. The government also argues that the Veterans Court did not and did not need to decide any constitutional issues, and that Belton

does not raise any constitutional issues. The government asserts that merely because Belton characterized some issues as constitutional does not make them constitutional and that Belton's basis for alleging discrimination—the denial of his petition—is insufficient. The government argues that the allegations of bias on the part of the Veterans Court and wrongdoing and conspiracy by Department employees do not involve the validity or interpretation of a statute or regulation and do not present a constitutional issue. The government also argues that Belton's request for damages and allegations of misconduct are outside of the jurisdiction of the Veterans Court. The government argues that Belton had his opportunity to and did challenge the decision in the earlier appeal, and that it is not appropriate to address that appeal in this case. The government further argues that Belton did not meet the requirements for the issuance of a writ and that Belton had an administrative alternative for relief, such as filing a motion for CUE.

This court's jurisdiction to review a decision on a mandamus petition is limited to the consideration of non-frivolous legal questions that bear on the availability of the extraordinary remedy of a writ under the All Writs Act, 28 U.S.C. § 1651(a). *See Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013) ("This court has jurisdiction to review the [Veterans Court]'s decision whether to grant a mandamus petition that raises a *non-frivolous* legal question . . . ." (emphasis added)). As the Veterans Court correctly stated, "three conditions must be satisfied before [a writ] may issue": (1) a petitioner seeking the legal remedy of mandamus must have "no other adequate means to attain the relief he desires," (2) the petitioner must show that he or she has a "clear and indisputable" right to the writ, and (3) "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 380-81 (internal quotation marks omitted).

The Veterans Court, in a thorough and detailed analysis, considered all of Belton's arguments and concluded that Belton had failed to make the necessary showing under *Cheney*. In this appeal, Belton raises no non-frivolous ground upon which this court could conclude that the Veterans Court legally erred in denying the writ. Belton identifies no genuine question of statutory or regulatory interpretation or validity. *See Beasley*, 709 F.3d at 1158 & n.2 (contrasting Beasley's presentation of "a legal question as to the proper interpretation of a statute" with nonprecedential decisions in which the veteran "identified no legal right that required protection through a writ of mandamus," the veteran "raised a factual dispute" and did not "allege any legal error," and the petition was "directed to factual issues or rais[ed] frivolous legal claims" (internal quotation marks omitted)). While Belton asserts violations of his constitutional rights, the Veterans Court's decision did not decide any constitutional issues, and Belton's characterization of his arguments as constitutional does not make them so. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("[The] characterization of . . . [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack."). Belton's assertion of error in the denial of apportionment benefits to Cynthia A. Belton is simply an argument on the merits of his claim and not a violation of the constitution. *See id.* ("To the extent that he has simply put a 'due process' label on his contention that he should have prevailed on his EAJA claim, his claim is constitutional in name only. Thus, when Mr. Helfer contends that the Court of Veterans Appeals violated his constitutional rights . . . he is really arguing the merits of his EAJA claim, not raising a separate constitutional contention."). While racial discrimination is certainly a constitutional issue, the bare allegation of racial discrimination on the part of the Veterans Court based only on the denial of the writ is insufficient to raise a non-frivolous constitutional question. This again mere-

ly places a constitutional label on Belton's argument on the merits of his claims.  *See id.*

We have considered all of the individual issues Belton raises, and conclude that none of them amount to a non-frivolous showing of legal error on the part of the Veterans Court.  As to the court's decision in an earlier appeal, Belton had the opportunity then and did challenge this court's decision in that case.  This court will not revisit that case again.  Belton asserts no non-frivolous basis for a claim of bias or malice on the part of the Veterans Court.  Belton provides no legal basis to consider damages or wrongdoing by attorneys and Department staff to be subject to the Veterans Court's jurisdiction in this case.  Belton also did not demonstrate that the Veterans Court legally erred in denying the writ for the production of his original medical records.  None of these issues presents a non-frivolous legal question to support this court's exercise of jurisdiction over the Veterans Court's denial of the writ.  Finally, to the extent Belton argues for a different outcome as to the apportionment of benefits for Cynthia A. Belton and as to the vision loss claim, these are matters of fact or applications of law to fact over which this court lacks authority to review.  38 U.S.C. § 7292(d)(2).

For the foregoing reasons, this court dismisses the appeal for lack of jurisdiction.

**DISMISSED**

COSTS

Each party shall bear its own costs.