NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONALD R. DAVIS,**
*Claimant-Appellant,*

v.

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7120

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-2089, Judge Mary J. Schoelen.

---

Decided: December 8, 2014

---

DONALD R. DAVIS, of Abilene, Texas, pro se.

P. DAVIS OLIVER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were JOYCE R. BRANDA, Acting Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and ALLISON KIDD-MILLER, Assistant Director. Of counsel on the brief were Y. KEN LEE, Deputy Assistant General Counsel, and MARTIN J. SENDEK, Attorney,

United States Department of Veterans Affairs, of Washington, DC.

———————————

Before PROST, *Chief Judge,* O'MALLEY, and CHEN, *Circuit Judges.*

PER CURIAM.

Donald R. Davis appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") dismissing his petition for extraordinary relief in the form of a writ of mandamus. *Davis v. Gibson*, No. 14-2089, 2014 WL 3530921 (Vet. App. July 17, 2014). Because Davis challenges only factual findings and the application of law to fact, we *dismiss* for lack of jurisdiction.

## BACKGROUND

Davis served on active duty in the United States Army from 1979 to 1982. On November 27, 2013, the Department of Veterans Affairs Regional Office ("RO") denied Davis' claim for educational benefits under the Post-Vietnam Era Veterans' Educational Assistance Program ("VEAP"). In that decision, the RO explained that, because Davis previously received a refund of his VEAP contributions, there were no funds available for payment of benefits. Davis filed a notice of disagreement ("NOD")—a prerequisite to perfecting an appeal to the Board of Veterans Appeals ("Board")—and three subsequent NODs. In the fourth NOD, dated April 28, 2014, Davis disagreed with the RO's "denial of educational benefits and/or refusal to return payments made into the VEAP program." Respondent's Appendix ("RA") 12.

On June 30, 2014, Davis filed a petition for a writ of mandamus with the Veterans Court seeking an order compelling the RO to process his appeal to the Board. The Veterans Court dismissed the petition on July 17,

2014. Although the court acknowledged its authority to issue extraordinary writs pursuant to the All Writs Act, 28 U.S.C. § 1651(a), it explained that the "remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Davis*, 2014 WL 3530921, at *1 (quoting *Kerr v. United States District Court*, 426 U.S. 394, 402 (1976)). The Veterans Court further explained that three conditions had to be met before it could issue the writ: (1) the petitioner must "lack adequate alternative means to attain the desired relief;" (2) the petitioner must "demonstrate a clear and indisputable right to the writ;" and (3) the court must be convinced that the writ is appropriate under the circumstances. *Id.* (citing *Cheney v. United States District Court*, 542 U.S. 367, 380-81 (2004)).

The Veterans Court found that "the time that has elapsed between the petitioner's April 28, 2014, NOD and the filing of this petition does not amount to an extraordinary delay that is tantamount to an arbitrary refusal to act." *Davis*, 2014 WL 3530921, at *1 (citing *Costanza v. West*, 12 Vet. App. 133, 134 (1999); *Bullock v. Brown*, 7 Vet. App. 69, 69 (1994) ("The mere passage of time in reviewing a matter does not necessarily constitute the extraordinary circumstances requiring this Court to invoke its mandamus power.")). Because Davis failed to demonstrate "a clear and indisputable right to the writ," the Veterans Court dismissed the petition. *Id.* (citation omitted).

Davis appealed the Veterans Court's decision to this court seeking to invoke our jurisdiction under 38 U.S.C. 7292(a).

## DISCUSSION

Our jurisdiction to review Veterans Court decisions is limited by statute. Pursuant to 38 U.S.C. § 7292(a), the court may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determi-

nation as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. 7292(d)(2).

This limited jurisdiction extends to our review of the Veterans Court's dismissal of a petition for a writ of mandamus. *See Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013); *see also Lamb v. Principi*, 284 F.3d 1378, 1381-82 (Fed. Cir. 2002). Specifically, we have jurisdiction "to review the [Veterans Court's] decision whether to grant a mandamus petition that raises a non-frivolous legal question," but cannot "review the factual merits of the veteran's claim." *Beasley*, 709 F.3d at 1158. Nor can we interfere with the Veterans Court's "role as the final appellate arbiter of the facts underlying a veteran's claim or the application of veterans' benefits law to the particular facts of a veteran's case." *Id.*

On appeal, Davis argues that the Veterans Court abused its discretion in dismissing his petition for a writ of mandamus. According to Davis, the time period that elapsed between his NODs and his filing of the petition demonstrates extraordinary delay and he is entitled to a writ to compel the RO to process his appeal. As explained below, these arguments challenge only the Veterans Court's fact-finding and application of law to the facts of Davis' case, matters which are beyond the scope of this court's jurisdiction. *See Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004) ("[W]hile we can review questions of law, we cannot review applications of law to fact.").

As the Veterans Court recognized, Davis' petition is based on his "frustration with VA's adjudication of his claim." *Davis*, 2014 WL 3530921, at *1. The Veterans Court found that the time that had elapsed between

Davis' April 28, 2014 NOD and the filing of his manda-mus petition two months later did not amount to "extraordinary delay that is tantamount to an arbitrary refusal to act," and concluded that Davis had failed to demonstrate that he had a "clear and indisputable right to the writ" under *Cheney*. *Id.* Thus the Veterans Court's decision involved both a fact-finding—that the alleged delay on the part of the RO was not "extraordinary"—and an application of law to fact—that Davis did not show a "clear and indisputable" right to the writ. These issues are outside the scope of our jurisdiction. *See* 38 U.S.C. § 7292(d)(2).

Despite Davis' suggestion to the contrary, the Veterans Court's decision did not involve any questions regarding the validity or interpretation of a statute or regulation. In his informal brief on appeal, Davis cites 38 C.F.R. § 20.904(a)(2)—which authorizes the Board to vacate a decision when a statement of the case was not provided—but fails to explain how the Veterans Court misinterpreted this regulation. In fact, the Veterans Court neither cited nor interpreted section 20.904(a)(2).[1]

Davis further alleges that the Veterans Court's decision is contrary to its holdings in *Ribaudo v. Nicholson*, 20 Vet. App. 552 (2007) and *Costanza v. West*, 12 Vet. App. 133, 134 (1999). But these cases state that, "[w]hen delay is alleged as the basis for a petition . . . a clear and indisputable right to the writ does not exist unless the petitioner demonstrates that the alleged delay is so extraordinary, given the demands on and resources of the Secretary, that it is equivalent to an arbitrary refusal by the Secretary to act." *Ribaudo*, 20 Vet. App. at 555 (citing

---

[1] Although Davis points to 38 U.S.C. §§ 511(a), 7104(a), and 7105 in his informal reply brief, the Veterans Court did not cite, much less interpret, those statutory provisions.

*Costanza*, 12 Vet. App. at 134). Citing *Costanza*, the Veterans Court applied this law to the facts of Davis' case and found that there was no "extraordinary delay." *Davis*, 2014 WL 3530921, at \*1. Again, because Davis' arguments challenge the Veterans Court's fact-finding and application of established law, they are beyond our jurisdiction.

Finally, Davis appears to assert a violation of his constitutional rights. According to Davis, the Veterans Court "erred in not finding the inactions of the RO to be in violation of [his] due process rights and access to court right." Appellant Informal Br. 2. Although Davis alleges that his constitutional rights were violated, the Veterans Court's decision did not decide any constitutional issues, and merely characterizing arguments as constitutional does not make them so. *See Belton v. Shinseki*, 524 F. App'x 703, 706 (Fed. Cir. 2013) ("Belton's characterization of his arguments as constitutional does not make them so.").

Setting aside the "due process" label, Davis' arguments appear to be directed to the merits of his claim, and thus do not give rise to a separate constitutional issue. *See Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007) (finding that, despite the appellant's attempt to characterize the issue in terms of an equal protection violation, we lacked jurisdiction to consider it because her "argument on this point appears to be aimed at the merits of her claim and does not raise a separate constitutional issue"). Specifically, Davis objects to the speed of the Secretary's actions and challenges the Veterans Court's factual finding that there has been no extraordinary delay in the adjudication of his claim. Because Davis' arguments are constitutional in name only, they are outside our jurisdiction. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (explaining that the "characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack."). We have

considered all of Davis' arguments and conclude that none of them raise a non-frivolous legal question sufficient to support this court's exercise of jurisdiction.

## CONCLUSION

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

## **DISMISSED**

### COSTS

No costs.