NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHRISTOPHER LEE WILLIAMS,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2015-7048

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-4192, Judge Alan G. Lance Sr.

---

Decided: June 8, 2015

---

CHRISTOPHER LEE WILLIAMS, Fairview, TX, pro se.

GEOFFREY MARTIN LONG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by MARTIN JAMES SENDEK, DAVID J. BARRANS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, PLAGER, and DYK, *Circuit Judges.*

PER CURIAM.

Christopher Lee Williams appeals from an order of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for extraordinary relief in the nature of a writ of mandamus. Mr. Williams sought a writ that would direct the Department of Veterans Affairs ("VA") to process his claims expeditiously. Because the issues raised by Mr. Williams on appeal are either not within the scope of our jurisdiction or not related to the denial of his petition for a writ of mandamus, we dismiss the appeal.

## BACKGROUND

Mr. Williams notes that he is a seventy-two year old Vietnam War veteran rated 100% disabled who suffers from Parkinson's disease. He also notes that he received the Purple Heart and the Combat Infantryman Badge for his service in the Army as an infantry platoon leader.

This case concerns Mr. Williams's claims for benefits relating to his fibromyalgia and hearing loss.

In June 2014, the Board of Veterans' Appeals ("Board") granted Mr. Williams service connection for fibromyalgia and denied a rating in excess of 10% for defective hearing on a schedular basis. The Board remanded the case to the VA's local regional office for further factual development of Mr. Williams's claim seeking an increased rating for his hearing disability on an extraschedular basis. The Board noted that all remanded claims must be handled expeditiously under 38 U.S.C. §§ 5109B, 7112.

In September 2014, the VA's Appeals Management Center ("AMC") issued a Statement of the Case addressing Mr. Williams's fibromyalgia. Mr. Williams filed a notice of disagreement, contesting the disability rating.

In December 2014, Mr. Williams filed a mandamus petition with the Veterans Court. Mr. Williams sought an order directing the VA to process his claims for fibromyalgia and hearing loss expeditiously. Mr. Williams recognized that the Board had made a favorable decision, but he argued that the VA had not processed his claims expeditiously as required by § 5109B. He cited to several other statutes and the First and Fifth Amendments in his briefing. In a footnote, he argued that the Veterans Court's arbitrary refusal to act standard in *Costanza v. West*, 12 Vet. App. 133, 134 (1999) (per curiam),[1] created an almost irrebuttable presumption against him that violated due process under the Fifth Amendment because the standard denied him an opportunity to rebut it.

In response, the Veterans Court denied the petition based on the standard in *Cheney v. United States District Court for the District of Columbia*, 542 U.S. 367, 380–81 (2004). The court held that Mr. Williams had not demonstrated a clear and indisputable right to the writ. The court found that Mr. Williams failed to demonstrate that the VA unreasonably delayed processing his claims. The court stated that "the evidence submitted by the petitioner demonstrates that the Secretary is acting on his claims." *Williams v. McDonald*, No. 14-4192, 2014 WL 7336954, at *2 (Vet. App. Dec. 24, 2014). The court did not address any statutes or constitutional issues, though the court noted that Mr. Williams argued the AMC failed to process his claims expeditiously as required by

---

[1] In *Costanza*, the court determined that, to show a clear and indisputable right to a writ of mandamus, a petitioner must demonstrate that the delay is "so extraordinary, given the demands and resources of the Secretary, that the delay amounts to an arbitrary refusal to act and not the product of a burdened system." 12 Vet. App. at 134.

§ 5109B.  The court also took note of its arbitrary refusal to act standard articulated in *Costanza*.

In January 2015, after the denial of the petition, the AMC issued a statement of the case regarding Mr. Williams's hearing loss claim.  Mr. Williams reports that a veterans law judge issued a fully favorable decision on his hearing loss claim in February 2015.

Despite the Veterans Court's factual findings and the VA's progress on his claims, Mr. Williams persists in his appeal from the Veterans Court's order denying his petition for a writ of mandamus.

On appeal, he argues that: (1) the VA intentionally circumvented 38 U.S.C. § 5109B by creating the AMC, where § 5109B allegedly does not apply; (2) the VA unreasonably delayed processing Mr. Williams's claims, raising constitutional issues; and (3) the Veterans Court created an unconstitutional presumption regarding delay by requiring a petitioner to show that the delay amounted to an arbitrary refusal by the VA to act.

### DISCUSSION

Our jurisdiction to review Veterans Court decisions is limited by statute.  We may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision."  38 U.S.C. § 7292(a).  Unless the appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."  *Id.* § 7292(d)(2).

We have stated that a party's characterization of an issue as constitutional in nature does not confer jurisdiction that is otherwise lacking.  *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999); *see also Davis v. McDonald*,

593 F. App'x 992, 994 (2014) ("merely characterizing arguments as constitutional does not make them so").

Our limited jurisdiction extends to the situation at hand—when the Veterans Court denies a petition for a writ of mandamus. As we stated in *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013):

> This court has jurisdiction to review the [Veterans Court's] decision whether to grant a mandamus petition that raises a non-frivolous legal question . . . . We may not review the factual merits of the veteran's claim, but we may determine whether the petitioner has satisfied the legal standard for issuing the writ. In conducting such a review, we do not interfere with the [Veterans Court's] role as the final appellate arbiter of the facts underlying a veteran's claim or the application of veterans' benefits law to the particular facts of a veteran's case.

A court may issue a writ of mandamus only if: (1) the petitioner has a clear legal right to relief, (2) there are no adequate alternative legal channels through which the petitioner may obtain that relief, and (3) the grant of mandamus relief is appropriate under the circumstances. *Cheney*, 542 U.S. at 380–81. In this instance, Mr. Williams raises issues on appeal that are challenges to factual determinations or the application of law to facts, and thus not within our appellate jurisdiction; or not related to the denial of his petition for a writ of mandamus.

Mr. Williams's first argument is that the VA intentionally circumvented 38 U.S.C. § 5109B by creating the AMC because § 5109B does not apply at the AMC. Mr. Williams argues that the creation and operation of the AMC denies Mr. Williams and other veterans due process under the Fifth Amendment. He also asks whether the VA can intentionally delay its processes and thereby violate 5 U.S.C. §§ 555(b), 702, and 706(1). He contends

that, after he appealed, the AMC sped up his claims to moot his appeal.

None of these concerns raise any issue or error regarding the decision of the Veterans Court—the only decision before us for review. These concerns are outside of our jurisdiction in this case. *See, e.g.*, *Vaughn v. Shinseki*, 403 F. App'x 514, 516 (Fed. Cir. 2010) (stating that the petitioner's constitutional arguments "do not relate to the Veterans Court's decision denying the petition for a writ of mandamus, the only decision before us for review, but rather to the procedures established by statute and regulation for adjudicating claims at the RO and the Board. Because [petitioner] has not raised any issues regarding the decision of the Veterans Court that are within our jurisdiction, we dismiss the appeal.").

Mr. Williams's second argument is that the VA unreasonably delayed processing his claims and that this raises a constitutional issue. Mr. Williams essentially contests the factual findings of the Veterans Court, which we cannot disturb unless a constitutional argument is raised. Although Mr. Williams contends that a constitutional issue is at play, we disagree. His characterization of this issue as constitutional in nature does not change its factual nature or confer jurisdiction that is lacking. *See Helfer*, 174 F.3d at 1335; *see also Davis*, 593 F. App'x at 994.

Finally, Mr. Williams's third argument is that the Veterans Court has created an unconstitutional presumption through its arbitrary refusal to act standard in *Costanza*. Mr. Williams argues that this alleged presumption deprives him and others of due process under the Fifth Amendment because there is no opportunity to rebut the presumption with disclosure, discovery, or additional argument as to the reason for the delay. Similarly, he argues the supposed presumption violates

the First Amendment's right to petition for redress of grievances.

Although Mr. Williams raised similar arguments before the Veterans Court, the court did not address Mr. Williams's constitutional concerns. We similarly decline to address them here. The Veterans Court took note of the arbitrary refusal to act standard and held that Mr. Williams failed to demonstrate a clear and indisputable right to the writ. Nevertheless, the court's decision would not have been any different had it never mentioned the standard from *Costanza*. The court's denial of the petition was dependent in no small part on its factual findings that the VA had not unreasonably delayed processing Mr. Williams's claims. Any consideration of the constitutional issues raised by Mr. Williams would not have affected the court's decision.

Mr. Williams contends that the VA system unfairly delays processing his claims and other veterans' claims in general. While we are not unsympathetic to any delay in adjudicating veterans' benefits claims, the issues that Mr. Williams attempts to raise are simply not within the scope of our jurisdiction in this particular context.

For the foregoing reasons, we dismiss the appeal.

**DISMISSED**

No costs.