NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LIVIA M. SCOTTO,**
*Claimant-Appellant*

v.

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2014-7135

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-749, Judge Alan G. Lance, Sr.

---

Decided: July 10, 2015

---

LIVIA M. SCOTTO, Valrico, FL, pro se.

MARTIN M. TOMLINSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.; DAVID J. BARRANS, MARTIN JAMES SENDEK, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, SCHALL, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Livia M. Scotto appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a November 28, 2012 decision of the Board of Veterans' Appeals ("Board") which denied her claim for entitlement to service connection for leukemia. *Scotto v. Gibson*, No. 13-0749, 2014 WL 2800741 (Vet. App. June 20, 2014). Because Scotto's appeal does not raise a legal or constitutional issue falling within this court's jurisdiction, we dismiss.

## BACKGROUND

Scotto served on active duty in the United States Air Force from October 1983 to January 1984. In October 2009, Scotto submitted a claim for service connection for leukemia. In June 2010, the Department of Veterans Affairs ("VA") Regional Office ("RO") in Honolulu, Hawaii denied Scotto's claim, and she filed a notice of disagreement ("NOD") later that same month. The RO issued a Statement of the Case on March 15, 2011, continuing its denial of Scotto's claim. The RO explained that "there continues to be no evidence of a current diagnosis of leukemia, and no evidence of leukemia related to service." Respondent's Appendix ("RA") 26. Scotto timely appealed that decision to the Board.

In a decision dated November 28, 2012, the Board denied Scotto's claim for service connection for leukemia, finding that the evidence of record does not show a cur-

rent diagnosis of leukemia.[1] *Scotto*, 2014 WL 2800741, at *1. In reaching this conclusion, the Board noted that Scotto's 1983 service separation medical examination report contained no diagnosis or indication of symptoms of leukemia at discharge, and none of the subsequent records Scotto submitted "show that she tested positive for leukemia or show a diagnosis of leukemia." RA 35. For example, the Board pointed to a September 2011 treatment record which stated that, although Scotto "alleged suffering anemia and leukemia, she had not shown the provider any documentary evidence of her alleged conditions" and she "refused a blood test." RA 35. The Board recognized that, in certain circumstances, "lay evidence may be sufficient to establish a medical diagnosis or nexus." RA 36 (citing *Davidson v. Shinseki*, 581 F.3d 1313, 1316 (Fed. Cir. 2009)). But, because Scotto's claimed conditions "require medical expertise and testing for identification and diagnosis," and because the "competent and credible evidence of record" fails to show a diagnosis of leukemia, the Board denied Scotto's claim. RA 37-38. Scotto appealed this decision to the Veterans Court.

---

[1] The Board also denied Scotto's claims for entitlement to service connection for a bilateral foot disability and Cooley's anemia. RA 42. Scotto did not appeal those claims to the Veterans Court and instead focused solely on denial of her leukemia claim both at the Veterans Court and in this appeal. Accordingly, those claims are deemed abandoned and we need not address them. *Scotto*, 2014 WL 2800741, at *1 ("As the appellant presents no arguments regarding the Board's denial of her claims for service connection for a bilateral foot disability and Cooley's anemia, those claims are deemed abandoned and the Court will not address them further.").

In the June 2014 decision on appeal, the Veterans Court affirmed the Board's decision, noting that there is no credible evidence that Scotto has leukemia. *Scotto*, 2014 WL 2800741, at *1. The court explained that, "[a]bsent a current disability, service connection cannot be established." *Id*. at *2 (citing *Shedden v. Principi*, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). Because Scotto failed to demonstrate that the Board's decision was clearly erroneous, the Veterans Court affirmed. Scotto timely appealed to this court.

## DISCUSSION

Our jurisdiction to review Veterans Court decisions is limited by statute. Pursuant to 38 U.S.C. § 7292(a) (2012), the court may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Unless the case presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Scotto's arguments on appeal are difficult to decipher. For example, she references several legal terms and principles—such as judicial misconduct, wrongful death, medical malpractice, destruction of evidence, public corruption, and "criminal gross negligence"—without any explanation or argument as to how those principles apply to her case. Setting aside these references, it appears that Scotto is challenging the Board's factual finding that she does not have a current diagnosis of leukemia. Indeed, toward the end of her Informal Brief, Scotto states "I have leukemia" and "causation in fact." Informal Br.

¶ 8.[2]  As explained below, these matters are beyond the scope of this court's jurisdiction.  *See Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004) ("[W]hile we can review questions of law, we cannot review applications of law to fact.").

The only issue before the Veterans Court was whether the Board erred in denying Scotto's claim for entitlement to service connection for leukemia.  *Scotto*, 2014 WL 2800741, at *1.  As the Veterans Court correctly noted, to establish service connection, "the veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service." *Id.* at *2 (quoting *Shedden*, 381 F.3d at 1167).  The Board found that there was no "competent and credible evidence" showing a current diagnosis of leukemia.  *Id.* at *1.  On appeal, the Veterans Court concluded that Scotto did not demonstrate that "the Board's decision is the product of clear error or is otherwise inadequately explained." *Id.*  Citing *Shedden*, the Veterans Court explained that, absent evidence of a current disability, "service connection cannot be established." *Id.* at *2.  Thus the Veterans Court's decision involved both a fact-finding—that Scotto did not have any diagnosis of leukemia—and an application of law to fact—that she could not satisfy the elements required to establish a claim for service connection.

---

[2]  Scotto asks the court to "call for production of documents" and to "subpoena all & any court records." Informal Br. ¶ 6.  It is unclear what documents Scotto is seeking and whether those documents were previously requested below.  In any event, neither the Federal Rules of Appellate Procedure nor the Federal Circuit Rules provide for discovery on appeal.

Review of these issues is outside the scope of our jurisdiction. *See* 38 U.S.C. § 7292(d)(2).

Despite Scotto's suggestion to the contrary, the Veterans Court's decision did not involve any questions regarding the validity or interpretation of a statute or regulation. In her informal brief on appeal, Scotto lists several statutes, including entire sections of the United States Code. The only statutes Scotto identifies with particularity are: (1) the Radiation Exposure Compensation Act, Pub. L. No. 101-426, 104 Stat. 920 (1990), which "provide[s] jurisdiction and procedures for claims for compassionate payments for injuries due to exposure to radiation from nuclear testing"; and (2) the Veterans' Dioxin and Radiation Exposure Compensation Standards Act, Pub. L. No. 98-542, 98 Stat. 2725 (1984), which required the VA to promulgate regulations regarding the determination of service connection for veterans who were exposed to dioxin while performing active service in Vietnam. The Veterans Court neither cited nor interpreted these statutory provisions, and Scotto fails to explain how they are relevant to this appeal.

Finally, in her informal brief, Scotto answered "no" to the question of whether the Veterans Court decided constitutional issues. Despite this concession, Scotto elsewhere mentions an "unconstitutional dismissal." Informal Br. ¶ 2. To the extent this reference can be construed as an allegation that Scotto's constitutional rights were violated, the Veterans Court's decision did not decide any constitutional issues; merely characterizing arguments as constitutional does not make them so. *See Belton v. Shinseki*, 524 F. App'x 703, 706 (Fed. Cir. 2013) ("Belton's characterization of his arguments as constitutional does not make them so."). While we are certainly mindful that "pro se filings must be read liberally," *Harris v. Shinseki*, 704 F.3d 946, 948 (Fed. Cir. 2013) (citations omitted), Scotto's failure to make any specific allegations regarding a constitutional violation precludes our review

of that claim. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (explaining that the "characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack").

CONCLUSION

We have carefully considered all of Scotto's submissions and conclude that nothing contained therein raises a non-frivolous legal question sufficient to support this court's exercise of jurisdiction. Accordingly, we dismiss this appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.