NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT J. D'AURIA,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2016-1167

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-3224, Judge Alan G. Lance, Sr.

---

Decided: April 12, 2016

---

ROBERT J. D'AURIA, Brick, NJ, pro se.

SOSUN BAE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; BRIAN D. GRIFFIN, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, WALLACH, and HUGHES, *Circuit Judges.*

PER CURIAM.

Appellant Robert D'Auria appeals the decision of the United States Court of Appeals for Veterans Claims ("CAVC"), which affirmed the denial by the Board of Veterans' Appeals ("the Board") of Mr. D'Auria's claims for entitlement to service connection for a lung and heart disorder. *See D'Auria v. McDonald*, No. 14-3224, 2015 WL 5307462 (Vet. App. Sept. 11, 2015). For the reasons set forth below, we dismiss this appeal for lack of jurisdiction.

## BACKGROUND

Mr. D'Auria served in the United States Air Force as a fire inspector from 1964 to 1967. In 1967, Mr. D'Auria separated from the Air Force. Mr. D'Auria's separation examination indicated "his chest, lungs, and respiratory system were normal." *D'Auria*, 2015 WL 5307462, at *1 (citation omitted).

In September 2009, Mr. D'Auria "filed an application for disability compensation that claimed entitlement to service connection for residuals of asbestos exposure and cardiovascular disease secondary to a lung condition." *Id.* (citation omitted). Mr. D'Auria submitted with this application a private physician's August 2009 prescription that noted a "history of asbestos exposure," Appellee's Suppl. App. 36, and another private physician's September 2009 prescription that noted "[t]here [was] a possibility that Mr. D'Auria's exposure to smoke as a firefighter contributed to coronary artery disease [('CAD')]," *id.* at

38.[1]  In November 2009, the Newark, New Jersey regional office of the United States Department of Veterans Affairs ("VA") denied both claims for service connection.

In January 2010, Mr. D'Auria filed a Notice of Disagreement, which eventually led to a June 2012 Board hearing.  Later, Mr. D'Auria submitted to the Board an August 2012 report from his private physician, Dr. Manmohan Patel, which "diagnosed [Mr. D'Auria] with severe obstructive and restrictive ventilator dysfunction . . . more likely than not . . . caused by exposure to various organic dust, asbestos and chromium, while working in the U.S. Air Force."  *D'Auria*, 2015 WL 5307462, at *1 (internal quotation marks and citation omitted); *see* Appellee's Suppl. App. 28–29 (Dr. Patel's 2012 report).

In February 2014, the Board remanded Mr. D'Auria's case to the VA for additional evidentiary development, including a "medical examination to determine the nature and cause of any current pulmonary and/or heart disorders and to request additional medical records."  *D'Auria*, 2015 WL 5307462, at *1 (internal quotation marks and citation omitted); *see* Appellee's Suppl. App. 10–20 (Board's 2014 decision).  "The VA examiner diagnosed [Mr. D'Auria] with chronic obstructive pulmonary disease (COPD) and CAD but opined that it was less likely than not that either condition was related to service."  *D'Auria*, 2015 WL 5307462, at *1 (citations omitted); *see* Appellee's Suppl. App. 21–25 (VA examiner's report).  The VA examiner based this conclusion on Mr. D'Auria's "past history of heavy smoking and a lack of any diagnostic imaging evidence of asbestos-related conditions."  *D'Auria*, 2015 WL 5307462, at *1 (citation omitted); *see* Appellee's

---

[1]    Both physicians worked at the Deborah Heart and Lung Center in Browns Mills, New Jersey.  Appellee's Suppl. App. 36, 38.

Suppl. App. 25. "The examiner also stated that COPD does not cause CAD; rather, the heart condition is caused by an array of factors, including genetics and lifestyle factors such as smoking." *D'Auria*, 2015 WL 5307462, at *1 (citation omitted); *see* Appellee's Suppl. App. 25.

Mr. D'Auria appealed the VA's remand determination to the Board, which affirmed the VA's denial in September 2014. *D'Auria*, 2015 WL 5307462, at *2. In reaching this determination, the Board weighed the conflicting medical opinions and was "more persuaded by the VA opinion than by the unexplained opinion of Dr. Patel." *Id.* (internal quotation marks, brackets, and citation omitted). "The Board also explained that much of the evidence favorable to [Mr. D'Auria's] claim was either conclusory or lacked credibility . . . ." *Id.* (citation omitted).

In September 2015, the CAVC affirmed the Board's decision. *Id.* at *3. The CAVC concluded that the Board did not clearly err "in its weighing of the evidence, and the Board provided an adequate statement of reasons or bases for its decision." *Id.* (citations omitted). Mr. D'Auria timely appealed the CAVC's decision.

DISCUSSION

I. Subject Matter Jurisdiction

We have "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (2012). "Absent a constitutional issue, however, we lack the jurisdiction to 'review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.'" *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010) (quoting 38 U.S.C. § 7292(d)(2)).

## II. This Court Lacks Jurisdiction to Review Challenges to Factual Determinations

Mr. D'Auria argues the decisions below failed to consider all of his medical records from Deborah Heart and Lung Center and that these records show his COPD was more likely than not caused by exposure to "asbestos, chromium, [and] various organic dust, while working in the Air Force." Appellant's Br. 1 ¶ 5.

Although he argues that the VA did not consider all of the record evidence, Mr. D'Auria's arguments in fact contest the weight that the VA attributed to the record evidence in denying his claim for service connection, which the Board and the CAVC affirmed. However, this court lacks jurisdiction to review challenges to factual determinations or to reweigh the evidence that led to those determinations. *See Wanless*, 618 F.3d at 1336; *see also Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010) ("The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact-finder. We lack jurisdiction to review these determinations.").

Next, Mr. D'Auria answered "no" to the question of whether the CAVC's decision involved the validity or interpretation of a statute or regulation. *See* Appellant's Br. 1 ¶ 2 (question two). Despite this concession, Mr. D'Auria states that the "Deborah Hospital records were never considered" and that the decisions below "[d]id not use all [the medical] records." *Id.* The CAVC's decision did not involve any questions regarding the validity or interpretation of a statute or regulation. Rather, it applied the law to the facts of Mr. D'Auria's case. *See generally D'Auria*, 2015 WL 5307462. Review of these issues is outside the scope of our jurisdiction. *See* 38 U.S.C. § 7292(d)(2).

Finally, Mr. D'Auria answered "no" to the question of whether the CAVC decided constitutional issues. *See* Appellant's Br. 1 ¶ 3 (question three). Despite this concession, Mr. D'Auria states "she stated we only want money and that was not true. Also I was not giv[en] a full exam at [the] VA hospital . . . ."[2] *Id.* To the extent this reference can be construed as an allegation that Mr. D'Auria's constitutional rights were violated, the CAVC's decision did not decide any constitutional issues; merely characterizing arguments as constitutional does not make them so. *See Belton v. Shinseki*, 524 F. App'x 703, 706 (Fed. Cir. 2013) (unpublished) ("While [appellant] asserts violations of his constitutional rights, the [CAVC's] decision did not decide any constitutional issues, and [appellant's] characterization of his arguments as constitutional does not make them so." (citation omitted)). Mr. D'Auria's failure to make any specific allegation regarding a constitutional violation precludes our review of that claim. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("Characteriz[ing] . . . [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.").

## CONCLUSION

Mr. D'Auria's appeal challenges factual determinations, which we may not consider pursuant to 38 U.S.C. § 7292(d)(2). Therefore, this appeal may not be decided on the merits but must be, and is

---

[2]    Mr. D'Auria does not provide the identity of "she" in this sentence. In any event, whether "she" in this sentence affected Mr. D'Auria's claim for service connection is a factual question over which we do not have jurisdiction. *See Wanless*, 618 F.3d at 1336.

**DISMISSED**

Costs

Each party shall bear its own costs.