Frank **COSTANZA**, Petitioner,

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Respondent.**

No. 98–2415.

United States Court of Veterans Appeals.

Jan. 20, 1999.

**134**

Before NEBEKER, Chief Judge, and IVERS and GREENE, Judges.

### ORDER

PER CURIAM:

On December 15, 1998, the petitioner filed a petition for extraordinary relief in the nature of a writ of mandamus. The petitioner asserts (1) that he filed an appeal at the St. Paul, Minnesota, Regional Office on January 14, 1998, (2) that "upon information and belief" the Secretary has failed to certify and docket the appeal and transfer the appeal to the Board of Veterans' Appeals (Board), and (3) that it is unreasonable for the Secretary to take more than 90 days to perform these ministerial functions. As a remedy, the petitioner seeks an order of the Court compelling the Secretary to cure the asserted deficiencies in 30 days.

 "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Before a court may issue writs, petitioners must demonstrate that (1) they have a clear and indisputable right to the writ and (2) they lack adequate alternative means to obtain the relief they seek. *Erspamer v. Derwinski*, 1 Vet.App. 3, 9 (1990).

 The petitioner, who carries the burden in this matter, has not adequately demonstrated a clear and indisputable right to the writ. He has not demonstrated that the delay he complains of is so extraordinary, given the demands and resources of the Secretary, that the delay amounts to an arbitrary refusal to act, and not the product of a burdened system.

The filing of a petition before this Court is a serious matter and not a step to be taken lightly. *Cf.* Fed.R.Civ.P. 11(b). A bald assertion based upon "information and belief" does not establish the requisite factual basis upon which this Court will grant mandamus nor does it demonstrate a clear and indisputable right to extraordinary relief. The petitioner's scant allegations provide this Court with no factual basis upon which to conclude that the petitioner lacks, or has exhausted, adequate alternative remedies to obtain the relief he seeks. The petitioner provides no evidence establishing that letters, telephone calls, visits to appropriate authorities, or other efforts have been undertaken to resolve delay in the processing of his case. The petitioner has failed to establish that issuance of a writ is needed to avoid the kind of injury (delay) for which extraordinary relief is designed.

On consideration of the foregoing, it is

ORDERED that the petitioner's motion for extraordinary relief in the nature of mandamus is DENIED.