**Bruce E. LANE, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 98–650.

United States Court of Veterans Appeals.

Feb. 17, 1999.

Before NEBEKER, Chief Judge, and FARLEY and GREENE, Judges.

## ORDER

PER CURIAM:

On April 8, 1998, the appellant filed a Notice of Appeal (NOA) from the February 19, 1998, decision of the Chairman of the Board of Veterans' Appeals (Board or BVA) denying reconsideration of a July 21, 1997, BVA decision. The Secretary moved to dismiss this appeal for lack of jurisdiction on June 10, 1998. On June 24, 1998, the appellant filed a response to the Secretary's motion. In an order dated August 31, 1998, this Court granted the Secretary's motion to dismiss, construed the appellant's response as a motion for writ of mandamus, and ordered the Secretary to show cause why the Court should not issue a writ of mandamus.

The Secretary responded to the Court order on September 30, 1998, stating that the Board's deferral of action on the appellant's claim of clear and unmistakable error (CUE) was not a matter of delay or neglect by the Board. Rather, the Secretary explained that the deferral of action was done pursuant to a policy designed to enable the Board to propound and promulgate regulations to implement the 1997 CUE Act, and thereby to treat all § 7111 CUE claimants alike. On October 16, 1998, the appellant replied to the Secretary's response, stating that the Secretary's response was inadequate and unresponsive to the Court's show-cause order.

On October 15, 1998, this Court ordered the Secretary to supplemental its September 30, 1998, response, specifically addressing the number of claims filed under the 1997 CUE Act, the current status of the rulemaking process, the steps available to or already taken by the Secretary to expedite the rulemaking process, and the anticipated date from which the appellant would no longer have to wait to have his claim adjudicated. The Secretary responded to this court order on January 13, 1999, indicating that the final rules implementing the 1997 CUE Act were published in the Federal Register on January 13, 1999, and that the CUE regulations would not be effective until February 12, 1999. The Secretary further stated that "[i]n the interim, the BVA will send a letter (with a copy of the new regulations) to the appellant seeking clarification as to whether he wants the Board to proceed with adjudication of the (construed) CUE claim. . . . If the Board receives an affirmative response (and any additional argument), it will promptly proceed to adjudicate the claim." Secretary's Response at 3. On January 25, 1999, the appellant replied to the Secretary's response, asserting that the Secretary's response remained inadequate and nonresponsive. Appellant's Response at 4. The appellant also stated that "[he was] confident that [VA] has as a function of their own convenience simply deferred consideration pending promulgation of their BVA/CUE regulations." *Id.* at 2.

 "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Before a court may

issue writs, the parties seeking them must demonstrate that: (1) they have a clear and indisputable right to the writ and (2) they lack adequate alternative means to obtain the relief they seek. *Erspamer v. Derwinski,* 1 Vet.App. 3, 9 (1990). In this case, the appellant has not demonstrated "that the delay he complains of is so extraordinary, given the demands and resources of the Secretary, that the delay amounts to an arbitrary refusal to act, and is not the product of a burdened system." *Costanza v. West,* 12 Vet.App. 133, (per curiam order Jan. 20, 1999). Moreover, the appellant's bald assertions based solely on his confidence do not establish the requisite factual basis upon which this Court will grant mandamus nor do they demonstrate a clear and indisputable right to extraordinary relief. *Id.* Accordingly, he has neither shown a clear and indisputable right to the writ, nor that administrative remedies have been exhausted.

On consideration of the foregoing, it is

ORDERED that the appellant's motion for extraordinary relief in the nature of mandamus is DENIED.