**Francis W. JASKOT, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 02–7113.

United States Court of Appeals, Federal Circuit.

DECIDED: Dec. 9, 2002.

Rehearing En Banc Denied Feb. 13, 2003.

Before LOURIE, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Francis W. Jaskot ("Jaskot") appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans' Court") denying, *inter alia*, Jaskot's motion for extraordinary relief in the nature of mandamus. *Jaskot v. Principi*, No. 00–1017, 2001 WL 1561823 (Vet.App. Oct. 22, 2001) (*"Jaskot"*). Because the Veterans' Court did not err as a matter of law in its disposition of Jaskot's motions, and we are without jurisdiction to provide the other relief Jaskot seeks, we *affirm* the judgment of the Veterans' Court.

BACKGROUND

Jaskot, a Vietnam War veteran, has filed claims for service connection for a variety of health problems with the Department of Veterans' Affairs ("DVA"). The claims underlying this appeal were filed beginning in August of 1995, when Jaskot filed a claim for service connection for post-traumatic stress disorder ("PTSD"). In 1998, Jaskot filed claims based on disc surgery he underwent in 1997 in a DVA hospital and cardiac catheterization in a DVA facility, as well as a claim for individual unemployability related to his PTSD, and claims for service connection for a precancerous prostate condition adjunct to Agent Orange exposure, and for coronary artery

disease, diabetes, cholesterol/triglycerides, hypothyroidism, benign prostatic hypertrophy, disc disease, depression, asthma, allergies, alcoholism, glaucoma, nicotine addiction, obesity, eczema, and psoriasis, all adjunct to PTSD. In 1999, Jaskot filed further claims for service connection for benign prostatic hypertrophy and a bladder condition, adjunct to Agent Orange exposure, for arthritis/rheumatism, fibromyalgia, and caffeine addiction, all adjunct to PTSD, and claims for chronic constipation, paralytic ileus/Ogilvie's syndrome, and chronic heartburn/gastroesophageal reflux disorder, all resulting from the 1997 back surgery.

In June of 2000, Jaskot filed with the Veterans' Court a petition for extraordinary relief in the nature of mandamus, seeking an order directing the Secretary to action his pending claims. In April of 2001, Jaskot filed a motion to convert his case to a class action; this was denied in June of 2001. In July of 2001, Jaskot filed a motion for leave to file an interlocutory appeal and for certification to the Court of Appeals for the Federal Circuit. In September of 2001, Jaskot moved for expedited proceedings and a panel or full court decision, and moved for a jurisdictional determination relating to certain malpractice claims then pending before the DVA.

The Veterans' Court, on October 22, 2001, found that the delay in processing Jaskot's claims at the DVA was not so unreasonable as to justify the remedy of mandamus, because Jaskot had not shown that "the delay amount[ed] to an arbitrary refusal to act, and not the product of an overburdened system." *Jaskot,* slip op. at 3 (quoting *Costanza v. West,* 12 Vet.App. 133, 134 (1999)). Accordingly, the Veterans' Court denied Jaskot's motion for mandamus, as well as all of his other pending motions.

Jaskot timely appeals from the denial of his motions. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## DISCUSSION

### I

The scope of this court's review of a decision of the Veterans' Court is set forth in 38 U.S.C. § 7292. This court has jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c) (2000). However, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," except where a constitutional issue is presented. *Id.* § 7292(d)(2). We review the legal determinations of the Veterans' Court de novo. *Prenzler v. Derwinski,* 928 F.2d 392, 393 (Fed.Cir.1991).

### II

### A

On appeal, Jaskot renews his charges that the Secretary of the DVA has failed to process Jaskot's claims for disability compensation in a timely manner, and has refused to act on Jaskot's allegations of discrimination and reprisal. These arguments are predicated on Jaskot's assertion that the processing of his various claims for service connection has been unduly protracted and unreasonably delayed. Jaskot specifically alleges that the Veterans' Court has taken the following actions, which he describes as arbitrary and capricious: (1) "blanket denial" of all petitions for extraordinary relief; (2) denial of expedited processing; (3) refusal to define "unreasonable delay" in quantitative terms;

(4) refusal to order the Secretary to act on Jaskot's allegations of discrimination and reprisal; (5) "blanket denial" of all motions to sanction the Secretary; (6) "blanket denial" of all motions for conversion to a class action; (7) denial of a motion for certification of Jaskot's interlocutory appeal to this court; and (8) refusal to make a determination of the Veterans' Court's own jurisdiction.

Based on these actions or refusals to act, Jaskot alleges violations of his constitutional rights and abuses of the Veterans' Court's discretion.

## B

### 1

■ Jaskot first alleges that he has been unlawfully deprived of a property interest. This takings claim is predicated on the assumption that he has a property interest in benefits he has not yet been awarded. This assumption is erroneous. A current recipient of benefits does have a protected property interest in the continued receipt of those benefits. *Walters v. Nat'l Ass'n of Radiation Survivors*, 473 U.S. 305, 320 n. 8, 105 S.Ct. 3180, 87 L.Ed.2d 220 (1985). As Jaskot points out, when he submitted his various petitions to the Veterans' Court, he had already received some disability benefits. Unquestionably he had a property interest in the benefits he had already been awarded. *Id.* However, in this appeal Jaskot claims a property interest not in benefits he had already been awarded, but in benefits that were the subject of the pending claims underlying this appeal. A mere application for benefits does not establish a protected property interest in benefits sought. *Steam v. Dep't of Navy*, 280 F.3d 1376, 1384 (Fed.Cir.2002) (citing *Lyng v. Payne*, 476 U.S. 926, 942, 106 S.Ct. 2333, 90 L.Ed.2d 921 (1986)). Jaskot's claim that DVA delay in processing his claims for additional benefits constitutes a taking of his property in violation of his constitutional rights thus fails as a matter of law.

### 2

■ Jaskot alleges that his right to due process of law has been violated by: (1) the Veterans' Court's "blanket denial" of all petitions for extraordinary relief in the form of mandamus; (2) the denial of Jaskot's motion for expedited processing by the Veterans' Court; (3) the denial of Jaskot's motion to compel the Secretary to take action on Jaskot's discrimination claims; (4) the Veterans' Court's "blanket denial" of all motions for conversion to a class action, and (5) the denial of Jaskot's motions relating to a jurisdictional determination and an interlocutory appeal. We find no violation of Jaskot's due process rights.

As an initial matter, to the extent that Jaskot's "blanket denial" allegations require us to look outside the record on appeal to the Veterans' Court's actions in other cases, we decline to do so. As an appellate court, our review is confined to the record on appeal; we do not find new facts. *See Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984).

Jaskot does not allege that the Veterans' Court's actions interfere with one of the "fundamental rights and liberty interests" which merit substantive due process analysis. *Washington v. Glucksberg*, 521 U.S. 702, 720, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997). We therefore analyze his claims under the rubric of procedural due process, which "imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893, 47 L.Ed.2d 18

(1976). To satisfy the requirements of this clause, any deprivation of "life, liberty, or property [must] 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). In other words, to successfully state a claim for a violation of due process rights, an affected interest in life, liberty, or property must be identified. *Id.* Jaskot has no apparent liberty interest at stake, and as noted above, Jaskot cannot establish a property interest in prospective disability benefits simply by filing an application for such benefits. *Stearn,* 280 F.3d at 1384. Jaskot's assertion that his due process rights have been violated, without more, does not set forth a justiciable claim. We find no error in the Veterans' Court's dismissal of Jaskots due process claim.

### 3

Finally, Jaskot maintains that his right to equal protection under the law has been violated by: (1) the denial of his motion to compel the Secretary to take action on Jaskot's discrimination claims, and (2) the denial of his motion to sanction the Secretary for dilatory conduct. Because Jaskot alleges that actions of the Federal government are unconstitutional, his equal protection claim is properly based on the Due Process Clause of the Fifth Amendment. *Bolling v. Sharpe,* 347 U.S. 497, 499, 74 S.Ct. 693, 98 L.Ed. 884 (1954). However, Jaskot's conclusory allegation does not establish that Jaskot is part of a class that itself supplies "a reason to infer antipathy," *Personnel Adm'r of Mass. v. Feeney,* 442 U.S. 256, 272, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979), nor has he alleged that an identifiable class to which he belongs has suffered "disparate impact." *Id.* at

273. Accordingly, the Veterans' Court did not err in dismissing Jaskot's equal protection claim.

### C

Jaskot alleges that the Veterans' Court used an incorrect test in assessing whether the Secretary's actions had been unreasonably delayed. He requests that we provide a "working definition" of "unreasonably delayed" within the meaning of 38 U.S.C. § 7261(a)(2). Because the test employed by the Veterans' Court is a reasonable measure of the standard set by the statute, we decline Jaskot's invitation.

In reviewing decisions of the Board, the Veterans' Court has jurisdiction to, *inter alia,* "compel action of the Secretary unlawfully withheld or unreasonably delayed." 38 U.S.C. § 7261(a)(2) (2000). In its denial of Jaskot's motion for extraordinary relief, the Veterans' Court assessed whether the delay in adjudication of Jaskot's various claims was "so extraordinary ... that the delay amounts to an arbitrary refusal to act, and not the product of a burdened system." *Costanza v. West,* 12 Vet.App. 133, 134 (1999). We find no error in the use by the Veterans' Court of the *Costanza* test to assess whether an action of the Secretary has been "unreasonably delayed" under 38 U.S.C. § 7261(a)(2). Further, we see nothing in the statute that warrants the formulation of a different "working definition" of the statutory standard.

### D

Jaskot also urges us to find abuses of discretion in the Veterans' Court's actions, and requests that we provide relief in a variety of forms. We decline to do so.

Our review of a decision of the Veterans' Court is strictly limited by statute. We are limited to reviewing questions of law,

including constitutional, statutory, and regulatory provisions. 38 U.S.C. § 7292(d) (2000). Outside the context of a constitutional issue, we are precluded from reviewing challenges to factual determinations or challenges to laws or regulations as applied to the facts of a particular case. *Id.* § 7292(d)(2) (2000).

The relief Jaskot requests is beyond the scope of our jurisdiction. Jaskot's request that we provide guidance to the Veterans' Court on its legal responsibilities, and that we order the court to provide expedited action on future issues involving him, is grounded in his view that the Veterans' Court erred in denying his motions on the facts of this case. We would have to review either factual issues or the application of law to fact in order to provide such relief. Jaskot's request that we order the Secretary to expedite action on his pending claims would also require us to consider factual issues in making a determination that his claims have in fact been unreasonably delayed. Similarly, Jaskot's request that we order the Secretary to consider Jaskot's allegations of discrimination and to pay interest on the award of back benefits would impermissibly require us to consider the factual issues involved.

## CONCLUSION

For the foregoing reasons, the judgment of the Veterans' Court is in all respects affirmed.