NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7068

ELMER A. HAWKINS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

J. Myers Morton, Morton & Morton, PLLC, of Knoxville, Tennessee, argued for claimant-appellant.

Allison Kidd-Miller, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Y. Ken Lee, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Mary J. Schoelen

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7068

ELMER A. HAWKINS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 08-2336.

_____

DECIDED:    December 7, 2009

_____

Before MAYER and RADER, <u>Circuit Judges</u>, and WILKEN,* <u>District Judge</u>.

Opinion for the court filed by <u>Circuit Judge</u> MAYER.  Dissenting opinion filed by <u>District Judge</u>, WILKEN.

MAYER, <u>Circuit Judge</u>.

Elmer A. Hawkins challenges the Court of Appeals for Veterans Claims ("Veterans Court") refusal to issue a writ of mandamus.  <u>Hawkins v. Peake, Sec'y of Veterans Affairs</u>, No. 08-2336 (Ct. Vet. App. Feb. 23, 2009).  We <u>affirm</u>.

Hawkins seeks a writ of mandamus to instruct the Secretary of Veterans Affairs

_____

*        Honorable Claudia Wilken, District Judge, United States District Court for the Northern District of California, sitting by designation.

to: disclose medical files, records, reports, and other documents pertaining to the petitioner's claim; grant the petitioner service connection; abide by the Veterans Court's remand instructions; and "adjudicate petitioner's claim under general principles of fair process according to law of this case and Thurber v. Brown, 5 Vet. App. 119 (1993)."

We review this case under the All Writs Act. See 28 U.S.C. § 1651(a). A writ of mandamus will issue if a petitioner can show: (1) no other adequate means to attain the desired relief; and (2) an indisputable right to issuance of the writ. Cheney v. U.S. Dist. Ct., 542 U.S. 367, 380-81 (2004). Hawkins has not met this burden.

The Veterans Court remanded Hawkins's appeal to the Board of Veterans' Appeals. The board has remanded to a regional office ("RO") of the Department of Veterans Affairs ("VA") to ensure compliance with a March 2006 order of the Veterans Court. The RO may yet grant Hawkins VA benefits. Even if no VA benefits are granted by the RO, Hawkins has access to appellate review. As such, adequate means exist to attain the desired relief. Additionally, remand to the RO for developing a more complete record benefits Hawkins. The RO's March 25, 2008, Supplemental Statement of the Case denied service connection. Without service connection an indisputable right to the expansive relief sought in Hawkins's petition for a writ of mandamus does not exist. Accordingly, the Veterans Court did not abuse its discretion in denying the writ.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7068

ELMER A. HAWKINS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 08-2336.

WILKEN, District Judge, dissenting.

I respectfully dissent. I would grant Appellant's writ.

Appellant, a Vietnam War veteran, has waited almost two decades for a final decision on his benefits application. His claim, filed on October 22, 1990, asserts that his chronic and severe medical conditions are connected to his service due to exposure to Agent Orange. Over the past nineteen years, the Department of Veterans Affairs ("DVA") and its predecessor, the Veterans' Administration, have made repeated errors which have prolonged the decision-making process. Appellant's case is currently again before a regional office ("RO") of the DVA, on remand from the Board of Veterans' Appeals.

I would issue a narrowly-tailored writ to expedite the resolution of Appellant's claim. The writ would require the RO to adjudicate his claim within three months. This

Court would retain jurisdiction to monitor the progress of the case to a final, appealable decision.

Appellant has shown that he lacks adequate alternative means to attain the desired relief and that he has a right to the writ, Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004), because the delay in a final appealable adjudication of his case has been "so extraordinary, given the demands on and resources of the Secretary, that it is equivalent to an arbitrary refusal by the Secretary to act." Ribaudo v. Nicholson, 20 Vet. App. 552 (2007) (citing Costanza v. West, 12 Vet. App. 133, 134 (1999)). The government's numerous errors in adjudicating Appellant's claim, which have required multiple remands, cannot be excused as products of a burdened system. See Costanza, 12 Vet. App. at 134. A writ requiring the RO to act within three months would not constitute a substitute for the appeals process, nor would it involve a review of the merits of Appellant's case. See 38 U.S.C. § 7292(d).

Issuing a writ here would not expose the Court to a flood of similar claims. It is to be hoped that Appellant's nineteen-year wait does not represent the experience of most veterans, but rather stands as an outlier that this Court should address.