Dissenting opinion filed by District Judge, WILKEN.
WILKEN, District Judge,
dissenting.
I respectfully dissent. I would grant Appellant’s writ.
Appellant, a Vietnam War veteran, has waited almost two decades for a final decision on his benefits application. His claim, filed on October 22, 1990, asserts that his chronic and severe medical conditions are connected to his service due to exposure to Agent Orange. Over the past nineteen years, the Department of Veterans Affairs (“DVA”) and its predecessor, the Veterans’ Administration, have made repeated errors which have prolonged the decision-making process. Appellant’s case is currently again before a regional office (“RO”) of the DVA, on remand from the Board of Veterans’ Appeals.
I would issue a narrowly-tailored writ to expedite the resolution of Appellant’s claim. The writ would require the RO to adjudicate his claim within three months. This Court would retain jurisdiction to monitor the progress of the case to a final, appealable decision.
Appellant has shown that he lacks adequate alternative means to attain the desired relief and that he has a right to the writ, Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004), because the delay in a final appealable adjudication of his case has been “so extraordinary, given the demands on and resources of the Secretary, that it is equivalent to an arbitrary refusal by the Secretary to act.” Ribaudo v. Nicholson, 20 Vet.App. 552 (2007) (citing Costanza v. West, 12 Vet.App. 133, 134 (1999)). The government’s numerous errors in adjudicating Appellant’s claim, which have required multiple remands, cannot be excused as products of a burdened system. Costanza, 12 Vet.App. at 134. A writ requiring the RO to act within three months would not constitute a substitute for the *297 appeals process, nor would it involve a review of the merits of Appellant’s case. See 38 U.S.C. § 7292(d).
Issuing a writ here would not expose the Court to a flood of similar claims. It is to be hoped that Appellant’s nineteen-year wait does not represent the experience of most veterans, but rather stands as an outlier that this Court should address.