NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PATRICK FRANK BRYAN,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2015-7010

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-1088, Chief Judge Bruce E. Kasold.

---

Decided: June 19, 2015

---

JARED LEVINSON, The Veterans Law Office of Jared Levinson, P.C., Easton, MD, argued for claimant-appellant.

AMANDA TANTUM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER; Y. KEN LEE,

MEGHAN ALPHONSO, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before NEWMAN, LOURIE, and CHEN, *Circuit Judges.*

CHEN, *Circuit Judge*

Patrick F. Bryan petitions for review of the Court of Appeals for Veterans Claims (Veterans Court) order denying his petition for writ of mandamus. *Bryan v. Gibson*, No. 14-1088, 2014 WL 3747034 (Vet. App. July 30, 2014) (*Order*). In his underlying claim, Mr. Bryan seeks a service connection for loss of maxilla under 38 C.F.R. § 4.150, Diagnostic Code (DC) 9914, dating back to 1978. Mr. Bryan also seeks increased disability benefits for his traumatic brain injury (TBI), post-traumatic stress disorder (PTSD), and scarring. Because we agree that Mr. Bryan failed to demonstrate that he lacks alternative means to obtain relief, we affirm in part. And because Mr. Bryan's remaining arguments fall outside our jurisdiction, we dismiss in part.

## I. BACKGROUND

Mr. Bryan served on active duty in the United States Marine Corps from April 1973 to March 1977. Service treatment records indicate that Mr. Bryan suffered various injuries arising out of an automobile accident in August 1973, and from being struck in the head by a hatch door while aboard the USS Guam (LPH-9) in March 1975.

In a January 9, 1979 rating decision, he was granted a service connection for residual lacerations of the lower lip and scalp, residual fracture on the fourth and fifth metacarpals of the right hand, and inguinal hernia. Supplemental Appendix (S.A.) 113. Each condition was rated as noncompensable with an effective date of November 29, 1978. *Id.* Around that time, he was also

granted service connection for dental trauma for treatment purposes only.  S.A. 114.

Mr. Bryan subsequently filed numerous claims and appeals claiming service connections for multiple injuries.[1]  The Board of Veterans Appeals (Board) issued a decision on February 22, 2013 addressing, *inter alia*, the service connection claims at issue here.  In particular, the decision found that Mr. Bryan had properly raised the issue of whether his loss of maxilla warranted a service connection.  But because the Regional Office (RO) had not yet adjudicated that claim, the Board remanded with instructions that the RO take appropriate action.  S.A. 32.  The Board also examined Mr. Bryan's TBI, PTSD, and scarring claims, but found they should be remanded to the RO for further development as well.  S.A. 54–56.

On August 5, 2013, the RO issued a statement of the case denying entitlement to an initial evaluation in excess of ten percent for both the TBI and PTSD.  S.A. 80.  The next day, on August 6, 2013, the RO issued a supplemental statement of the case denying a compensable evaluation for scarring.  S.A. 106.  The decision also addressed Mr. Bryan's loss of maxilla claim.  The RO noted that a June 4, 2013 VA examination had found no loss of supporting bone, maxilla, or mandible.  S.A. 109 ("[A]ll maxillary bone is clinically and radiologically present.").  The RO thus denied service connection for loss of maxilla.  *Id.* ("Loss of teeth without loss of mandible or maxilla is not considered a disability for compensation purposes.").

---

[1]    The history of Mr. Bryan's various claims and appeals after the 1979 decision is unclear from the record.  It appears that Mr. Bryan resumed seeking benefits, at the latest, around 2002.  *See* S.A. 33 (referencing February 2002 rating decision).

On April 10, 2014, Mr. Bryan filed a petition with the Veterans Court for extraordinary relief in the form of a writ of mandamus. Mr. Bryan petitioned the Veterans Court to find a service connection for loss of maxilla under Diagnostic Code 9914 beginning in 1978. He also claimed that the RO erred in assessing his claims for benefits relating to his TBI, PTSD, and scarring. In addition to arguing the merits of these claims, Mr. Bryan contended that mandamus was necessary to remedy the RO's "unconscionable" delay in addressing his claims. S.A. 18.

The Veterans Court denied Mr. Bryan's petition in a July 30, 2014 order, noting that mandamus is warranted when, for example, the Secretary refuses—or his actions amount to a refusal—to process a claim, and the petitioner has no alternative means of relief. *Veterans Court Order* at *1 (citing *Constanza v. West*, 12 Vet. App. 133, 134 (1999) and *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004)). The Veterans Court determined that mandamus was not warranted with respect to Mr. Bryan's various claims because he had not demonstrated that he will be unable to use the normal appeals process to obtain the relief sought. *Id.* at *1–2.

Mr. Bryan now appeals to this Court.

## II. DISCUSSION

### A

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *Guillory v. Shinseki*, 603 F.3d 981, 986 (Fed. Cir. 2010). We have jurisdiction over "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). We lack jurisdiction over any "challenge to a factual determination" or "challenge to a law or regulation as applied to the facts of a particular case" absent a constitutional issue. 38 U.S.C. § 7292(d)(2). We set aside a Veterans Court decision only if it is "arbitrary, capricious,

an abuse of discretion, or otherwise not in accordance with law. . . ." 38 U.S.C. § 7292(d)(1)(A).

To obtain mandamus, the petitioner must show (1) that he has a clear legal right to relief; (2) that there are no adequate alternative legal channels through which the petitioner may obtain that relief, and (3) that the grant of mandamus relief is appropriate under the circumstances. *See Cheney*, 542 U.S. at 380–81; *Hargrove v. Shinseki*, 629 F.3d 1377, 1378 (Fed. Cir. 2011). Moreover, the issuance of a writ of mandamus is "in large part a matter of discretion with the court to which the petition is addressed." *Kerr v. U. S. Dist. Court for N. Dist. of Calif.*, 426 U.S. 394, 403 (1976) (citations omitted).

B

As a preliminary matter, the government contends that we must dismiss this appeal for lack of jurisdiction. We disagree in part. The government's position on appeals of mandamus denials has already been rejected by this court's decision in *Lamb v. Principi*, 284 F.3d 1378, 1381 (Fed. Cir. 2002). In response to a similar jurisdictional argument advanced by the government in this case, this court determined that although Congress intended the Veterans Court to be the final arbiter of all factual issues, "[t]here is no indication, however, that in thus limiting our jurisdiction, Congress intended to insulate from judicial review that court's ruling on mandamus petitions." *Id*. at 1382. This court has thus consistently exercised jurisdiction over mandamus petitions that raise legal questions within our jurisdiction. *See, e.g., Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013); *Lamb*, 284 F.3d at 1381–82; *Cox v. West*, 149 F.3d 1360, 1365–66 (Fed. Cir. 1998). In doing so, "[w]e may not review the factual merits of the veteran's claim, but we may determine whether the petitioner has satisfied the legal standard for issuing the writ." *Beasley*, 709 F.3d at 1158.

C

Mr. Bryan has not shown that he was entitled to a writ of mandamus as a matter of law. Importantly, Mr. Bryan fails to show that he lacks alternative means to obtain the relief he seeks. Although he acknowledges there is a mechanism for challenging the RO decision, i.e., appeal to the Board, he contends that it would be "futile" to seek relief through that process. Reply Br. at 13. Underlying this contention is Mr. Bryan's belief that the RO has failed to address his claims in a timely manner.

The record indicates that the RO has recently taken action on Mr. Bryan's claims. On February 20, 2015, after the appeal to this court was filed, the RO issued a new rating decision addressing Mr. Bryan's claims. In particular, the RO found that Mr. Bryan was entitled to a 10% service connection for injuries related to his loss of maxilla claim, an increase from 10% to 30% for his PTSD, and an increase from 10% to 30% for his scarring. S.A. 117–18. The RO also found that the claim for increased evaluation due to TBI should be deferred for further examination. S.A. 124–25.

While Mr. Bryan may be frustrated with the speed at which his case is being adjudicated, he has not shown a refusal to act by the Secretary—effective or otherwise. We note that a different outcome would not be warranted even if the February 20, 2015 rating decision had not been issued. As the Veterans Court correctly noted, "'the extraordinary writs cannot be used as substitutes for appeals, even though hardship may result from delay and perhaps unnecessary trial.'" *Lamb*, 284 F.3d at 1384 (quoting *Bankers Life & Cas. Co. v. Holland,* 346 U.S. 379, 383 (1953)).

D

We have examined Mr. Bryan's remaining arguments and find them beyond the scope of our jurisdiction. For

example, Mr. Bryan raises various arguments that are clearly factual in nature, e.g., whether the RO correctly assessed his various claims, and thus unreviewable by this court. *See, e.g., Cayat v. Nicholson*, 429 F.3d 1331, 1333 (Fed. Cir. 2005) ("We may not review findings of fact or application of law to the facts[.]").

Mr. Bryan also makes various arguments that do not involve a claim for veteran benefits. For example, he raises claims sounding in tort, e.g., the "gross misconduct" of the RO and Board has caused him irreparable emotional harm. The Veterans Court did not have jurisdiction to grant Mr. Bryan's petition as to those claims and neither does this court. *See* 38 U.S.C. § 7104 (describing the Board's jurisdiction).

Accordingly, we hold that the Veterans Court did not abuse its discretion or otherwise commit legal error in denying Mr. Bryan's petition for writ of mandamus. We also hold that Mr. Bryan's remaining claims are outside of this court's jurisdiction and are dismissed.

CONCLUSION

We affirm the order of the Veterans Court denying the petition for mandamus and dismiss in part Mr. Bryan's appeal.

**AFFIRMED IN PART and DISMISSED IN PART**

COSTS

No costs.