NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PATRICK FRANK BRYAN,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1861

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-323, Judge Amanda L. Meredith.

---

Decided: October 24, 2025

---

JARED L. LEVINSON, The Veterans Law Office of Jared Levinson, Baltimore, MD, argued for claimant-appellant.

CATHERINE M. YANG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, YAAKOV ROTH; MATTHEW ALBANESE, BRIAN D. GRIFFIN,

Office of General Counsel, United States Department of
Veterans Affairs, Washington, DC.

―――――――――――

Before MOORE, *Chief Judge*, PROST and TARANTO, *Circuit
Judges*.

PROST, *Circuit Judge*.

Patrick F. Bryan appeals the denial of his petition for
a writ of mandamus by the Court of Appeals for Veterans
Claims ("Veterans Court"). For the reasons below, we af-
firm.

## BACKGROUND

The circumstances giving rise to this appeal are sum-
marized in part in our decision *Bryan v. McDonald*, 615
F. App'x 681 (Fed. Cir. 2015). We provide facts relevant to
the issues here below.

In May 2016, after our decision issued, the Regional
Office ("RO") determined that "[s]ervice connection has not
previously been established with a 100 percent evaluation
under . . . [Diagnostic Code ("DC")] 9914 for loss of the max-
illa." S.A. 76.[1] One month later, the RO sua sponte recon-
sidered its 2015 rating decision granting Mr. Bryan service
connection for loss of teeth under DC 9913. S.A. 83–87. It
found clear and unmistakable error for granting service
connection and therefore proposed to sever service connec-
tion for loss of teeth under DC 9913. S.A. 84. From the
time the RO issued these dental-related decisions to the
time of this appeal, Mr. Bryan filed several notices of disa-
greement, and the Board of Veterans' Appeals ("Board") is-
sued many opinions remanding the dental claims back to
the RO.

―――――――――――

[1] "S.A." refers to the supplemental appendix filed by
the government.

Relevant to this appeal, on March 6, 2023, in response to a remand from the Board, the RO (1) determined that service connection has not previously been established with a 100 percent evaluation under DC 9914 for the loss of the maxilla; (2) denied Mr. Bryan entitlement to an initial disability evaluation in excess of ten percent for loss of teeth for other than periodontal disease or other routine dental maladies under DC 9913; and (3) found there was no clear and unmistakable error in the January 1979 rating as to Mr. Bryan's dental-related claims. S.A. 278–79. Mr. Bryan filed a notice of disagreement on July 27, 2023. S.A. 289. The Board docketed the appeal on August 10, 2023. S.A. 293. That appeal is still pending. Oral Arg. at 2:46–3:56, 18:00–19:54.[2]

About five months after the Board docketed his appeal, Mr. Bryan petitioned for a writ of mandamus in the Veterans Court. The court denied his petition because Mr. Bryan did "not argue or seek to demonstrate that he lacks adequate alternative means to attain the result he seeks." *Bryan v. McDonough*, No. 24-0323, 2024 WL 445563, at \*1 (Vet. App. Feb. 6, 2024). The court also dismissed his petition to the extent he sought to compel a particular outcome. *Id.* at \*2. Mr. Bryan filed a motion for panel review, and a panel held the single-judge order denying-in-part and dismissing-in-part Mr. Bryan's petition for a writ of mandamus remains the decision of the Veterans Court. S.A. 6.

Mr. Bryan timely appealed. We have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

This court has limited jurisdiction to review Veterans Court decisions. We "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or

---

[2] No. 24-1861, https://www.cafc.uscourts.gov/oral-arguments/24-1861_10072025.mp3.

regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

There are three conditions that must be satisfied before a court may grant the extraordinary writ of mandamus: (1) the party's right to the writ must be "clear and indisputable"; (2) the party seeking the writ must have "no other adequate means" to obtain the desired relief; and (3) "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (cleaned up). "We may not review the factual merits of the veteran's claim, but we may determine whether the petitioner has satisfied the legal standard for issuing the writ." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). The issuance of a writ is "in large part a matter of discretion with the court to which the petition is addressed." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976).

Mr. Bryan did not establish entitlement to a writ of mandamus as a matter of law because he has failed to show that he has no other adequate means to obtain the relief he seeks. In fact, he admits that the claims at issue in this appeal—his dental-disability claims—are "at the [Board] awaiting review." Appellant's Br. 8; *see also* Oral Arg. at 2:46–3:56, 18:00–19:54. "[T]he party seeking issuance of the writ must have no other adequate means to attain the relief he desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process." *Cheney*, 542 U.S. at 380–81 (cleaned up). Because Mr. Bryan has an adequate alternative means to attain the relief he desires (i.e., appealing his RO decision(s)), the Veterans Court properly denied the writ. *See, e.g., Hargrove v. Shinseki*, 629 F.3d 1377, 1379 (Fed. Cir. 2011) ("In light of the fact that [the veteran] had an adequate alternative means to attain the relief he requested, the Veterans Court properly denied the writ of mandamus.").

Mr. Bryan also alleges unreasonable delay by the Department of Veterans Affairs. *See, e.g.*, Appellant's Br. 10–18. We have adopted the D.C. Circuit's *TRAC* standard to evaluate unreasonable-delay mandamus petitions. *Martin v. O'Rourke*, 891 F.3d 1338, 1348 (Fed. Cir. 2018). Under the *TRAC* standard, "each case should be analyzed based on its unique circumstances." *Id.* at 1345 (cleaned up). "[W]e see no reason to articulate a hard and fast rule with respect to the point in time at which a delay becomes unreasonable. Because, among other factors, reasonableness depends on the particular agency action that is delayed, a two-year delay may be unreasonable in one case, and it may not be in another." *Id.* at 1346 (discussing the first *TRAC* factor). Even when considering the *TRAC* factors, we "acknowledged that 'all three [*Cheney*] requirements must [still] be demonstrated for mandamus to issue.'" *Mote v. Wilkie*, 976 F.3d 1337, 1343 (Fed. Cir. 2020) (first alteration in original) (quoting *Martin*, 891 F.3d at 1343 n.5).

We need not consider any issues regarding the *TRAC* standard here because Mr. Bryan failed to demonstrate how or why the six *TRAC* factors weigh in his favor before the Veterans Court. As the Veterans Court noted, "[t]o the extent" that Mr. Bryan "alleges undue delay," he "provide[d] no legal or factual analysis to demonstrate that the *TRAC* factors weigh in his favor," and he has "offered insufficient argument to carry his burden of demonstrating that mandamus is warranted." *Bryan*, 2024 WL 445563, at *2. Under these circumstances, we see no reason to disturb the Veterans Court's determination.

## CONCLUSION

We have considered Mr. Bryan's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

## AFFIRMED