NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**SETH HOOPER,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2026-1269

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 25-6727, Judge Coral Wong Pietsch.

———————————

Decided:  April 21, 2026

———————————

SETH HOOPER, Ocean, NJ, pro se.

OLIVER MCDONALD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE.

———————————

Before CHEN, HUGHES, and STOLL, *Circuit Judges*.

PER CURIAM.

Seth A. Hooper, proceeding pro se, appeals from the final decision of the United States Court of Appeals for Veterans Claims denying his petition for extraordinary relief in the form of a writ of mandamus. To the extent that Mr. Hooper raises a non-frivolous legal question within our limited jurisdiction, we affirm.

## BACKGROUND

Mr. Hooper served for various periods on active duty between September 2000 and November 2011. In May 2019, Mr. Hooper filed a claim for benefits for traumatic brain injury (TBI), in addition to claims for multiple other conditions that are not relevant to this appeal. In January 2020, Mr. Hooper was awarded benefits for TBI and was assigned a 70 percent disability rating effective April 9, 2019. Mr. Hooper appealed this effective date to the Board of Veterans' Appeals, and the Board denied entitlement to an earlier effective date in June 2020. Mr. Hooper appealed the June 2020 Board decision to the Veterans Court. In November 2021, the Veterans Court vacated the denial of entitlement to an earlier effective date and remanded the issue back to the Board because the Board failed to provide adequate reasons or bases to support its decision. In July 2022, the Board on remand again denied an earlier effective date for Mr. Hooper's benefits for TBI, which Mr. Hooper appealed. In August 2023, the Veterans Court again vacated and remanded the Board's decision for failure to provide adequate reasons or bases. In October 2024, the Board denied Mr. Hooper's request for an earlier effective date for a third time. Mr. Hooper appealed, and in May 2025, the Veterans Court vacated and remanded the issue to the Board for a third time because "the Board incorrectly applied the law" and "ha[d] not adequately

discussed and weighed the evidence to permit [c]ourt review." Appx 46.[1]

On August 12, 2025, Mr. Hooper filed a petition for a writ of mandamus with the Veterans Court, asking the court "to compel the Secretary to immediately adjudicate his appeal before [the] Board." Appx 1. On September 9, 2025, before the Veterans Court ruled on Mr. Hooper's petition, the Board issued a decision on remand denying Mr. Hooper an earlier effective date for his benefits for TBI. Mr. Hooper submitted a motion to revise his petition to argue "that the Board failed to consider favorable findings and to comply with the [Veterans] Court's decision remanding his claim." Appx 1. Mr. Hooper contended that the extraordinary relief of a writ of mandamus was warranted because "by not adjudicating his claim in accordance with the [Veterans] Court's decision remanding his claim, the Board is frustrating the [Veterans] Court's jurisdiction." Appx 1–2. While the Veterans Court granted Mr. Hooper's motion to revise his petition, the court ultimately denied his petition for a writ of mandamus. The Veterans Court explained that "a writ of mandamus is not an appropriate vehicle to review the merits of a Board decision," and "'[e]xtraordinary writs cannot be used as substitutes for appeals, even though hardship may result from delay and perhaps unnecessary trial.'" Appx 2 (quoting *Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002)). The Veterans Court further explained that the "VA is not declining jurisdiction over his claims or denying him a forum; rather, the Board is adjudicating his claims as part of the normal appeals process." Appx 2. The Veterans Court thus held that, because Mr. Hooper could appeal the Board's September 2025 decision to the court, "mandamus relief [wa]s not warranted." Appx 2.

---

[1]    "Appx" refers to the Appendix filed with the Appellant's Informal Reply Brief. *See* ECF No. 13.

Mr. Hooper appeals.

### DISCUSSION

Mr. Hooper contends that his appeal to this court presents a "narrow and legal [issue]: whether the Veterans Court may deny mandamus enforcement of its own mandate after acknowledging that the Board has repeated the same error previously vacated in two earlier remands," which "concerns the scope of mandamus and the adequacy of appellate remedies." Appellant's Inf. Reply Br. 4. The Government contends that we lack jurisdiction over Mr. Hooper's appeal, or in the alternative, we should affirm the Veterans Court's denial of his petition for a writ of mandamus.

The scope of our review in an appeal from a Veterans Court decision is limited. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We may review a decision by the Veterans Court concerning whether to grant a mandamus petition when the petition raises a non-frivolous legal question, such as a constitutional issue or the interpretation of a regulation or statute that was relied on by the Veterans Court. *See Beasley v. Shinseki*, 709 F.3d 1154, 1157–58 (Fed. Cir. 2013); *Lamb*, 284 F.3d at 1381–82; *see also* 38 U.S.C. § 7292(a), (d). For example, we have reviewed whether the Veterans Court applied the correct legal standard when ruling on a mandamus petition. *Mote v. Wilkie*, 976 F.3d 1337, 1340 (Fed. Cir. 2020). We review a denial of a petition for a writ of mandamus for "abuse[] [of] discretion or . . . other legal error." *Lamb*, 284 F.3d at 1384. "In conducting such a review, we do not interfere with the [Veterans Court's] role as the final appellate arbiter of the facts underlying a veteran's claim or the application of veterans' benefits law to the particular facts of a veteran's case." *Beasley*, 709 F.3d at 1158; *see* 38 U.S.C. § 7292(d)(2).

To the extent Mr. Hooper presents a non-frivolous legal argument over the standard the Veterans Court uses for

ruling on a mandamus petition, we have jurisdiction.[2] *See Mote*, 976 F.3d at 1340; *Beasley*, 709 F.3d at 1157–58. Mr. Hooper argues that "[t]he Veterans Court committed legal error by denying mandamus relief to enforce its own mandate after the Board replicated the same legal error previously vacated" with such "repeated remand[s] render[ing] ordinary appellate review inadequate as a matter of law." Appellant's Inf. Reply Br. 9–10. Mr. Hooper argues that the Veterans Court committed legal error, and thus abused its discretion, because "[a]n appeal is an 'adequate alternative means' only if it is practically capable of providing relief, [and is] not merely available in form." Appellant's Inf. Br. 4 (citing *Martin v. O'Rourke*, 891 F.3d 1338, 1345 (Fed. Cir. 2018)). Mr. Hooper contends the Veterans Court here improperly relied "on the mere existence of appeal as an 'adequate alternative means,'" without considering that the record demonstrated that the normal appeals process, in practical effect, had failed. Appellant's Inf. Br. 4–5. Mr. Hooper further contends that the Veterans Court's denial of his petition implicated his due process rights through the court's "failure in the enforcement of judicial mandates," which "deprived [him] of meaningful judicial review." Appellant's Inf. Reply Br. 10 (emphases removed).

Here, the Veterans Court did not abuse its discretion or commit legal error in denying Mr. Hooper's petition.

---

[2] Mr. Hooper's opening brief may be read to present more issues than this, however, he makes clear in his reply brief that the issue before us is the "single," "narrow" issue stated above. Appellant's Inf. Reply Br. 1, 4. But to the extent Mr. Hooper's appeal presents any challenges "to a factual determination, or . . . to a law or regulation as applied to the facts of [his] particular case," excluding constitutional challenges, we lack jurisdiction over those issues and decline to address them. 38 U.S.C. § 7292(d)(2).

The Veterans Court accurately stated the legal standard
for mandamus: "(1) the petitioner must lack adequate al-
ternative means to attain the desired relief, thus ensuring
that the writ is not used as a substitute for an appeal;
(2) the petitioner must demonstrate a clear and indisputa-
ble right to the writ; and (3) the Court must be convinced,
given the circumstances, that the writ is warranted."
Appx 2 (citing *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380–
81 (2004)).  The Veterans Court then considered the first
condition.  The Veterans Court acknowledged "the multiple
remands in [Mr. Hooper's] case," and his argument that
"the Board has failed to comply with the [Veterans] Court's
remand."  Appx 2.  However, the Veterans Court explained
that, despite the series of remands, the "VA is not declining
jurisdiction over his claims or denying him a forum; rather,
the Board is adjudicating his claims as part of the normal
appeals process."  Appx 2.  The Veterans Court also ex-
plained that "Mr. Hooper may appeal to th[e Veterans]
Court and have the arguments in his revised petition ad-
dressed."  Appx 2 (footnote omitted).  Thus, the Veterans
Court held, mandamus relief was not warranted because
the normal appeal process remained open to Mr. Hooper
and "[e]xtraordinary writs cannot be used as substitutes
for appeals, even though hardship may result from delay
and perhaps unnecessary trial."  Appx 2 (citing *Lamb*,
284 F.3d at 1384).

We see no error or abuse in this analysis.  The Veterans
Court used the correct legal precedent.  It also did not rely
"on the mere existence of appeal as an 'adequate alterna-
tive means'" for Mr. Hooper's challenge to the September
2025 Board decision, Appellant's Inf. Br. 4–5, and instead
acknowledged the series of remands and explained that the
Board was continuing to adjudicate his claims in the nor-
mal VA appeals process. The Veterans Court further noted
that, should Mr. Hooper timely appeal the September 2025
Board decision, it would address his arguments as to any
alleged continuing Board error, as the court has done

repeatedly throughout this matter. We cannot say that this was in error, was outside the Veterans Court's discretion, or deprived Mr. Hooper of his due process rights.[3]

Thus, although we have jurisdiction to consider Mr. Hooper's non-frivolous legal challenge to the scope of mandamus review, and we are sympathetic to Mr. Hooper's frustration with the series of remands in his case, we conclude that the Veterans Court did not abuse its discretion or otherwise commit legal error in denying his petition for a writ of mandamus.

## CONCLUSION

We have considered Mr. Hooper's remaining arguments but find them unpersuasive. For the foregoing reasons, we affirm the Veterans Court's decision to deny Mr. Hooper's mandamus petition.

## **AFFIRMED**

### COSTS

No costs.

---

[3] Additionally, the legal issue addressed in *Martin*, the case relied on by Mr. Hooper, related to whether the Veterans Court should use the standard in *Costanza v. West*, 12 Vet. App. 133 (1999), or the standard in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984), to analyze whether the VA has unreasonably delayed in taking action on claims for disability benefits, which is not on all fours with the legal issue here. *See Martin*, 891 F.3d at 1344.